**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAROLD BURTON | : | |
| | : | |
| Appellant | : | No. 1539 EDA 2022 |

Appeal from the PCRA Order Entered May 23, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0005776-2016

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 11, 2023**

Appellant, Harold Burton, appeals *pro se* from the order entered in the Court of Common Pleas of Montgomery County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

On July 11, 2018, a jury convicted Appellant of, *inter alia*, Drug Delivery Resulting in Death ("DDRD") and acquitted him of Recklessly Endangering Another Person ("REAP"),[1] crimes charged in connection with his sale of fentanyl which resulted in the death of another person ("Decedent"). On October 31, 2018, the court sentenced Appellant to an aggregate term of 13 to 35 years' incarceration. This Court affirmed Appellant's judgment of sentence and, on April 6, 2021, our Supreme Court denied review.

_____

[1] 18 Pa.C.S. § 2506 and 2705, respectively.

*Commonwealth v. Burton*, 234 A.3d 824 (Pa. Super. 2020), *appeal denied*, 252 A.3d 234 (Pa. 2021).

On April 29, 2021, Appellant *pro se* filed the instant PCRA Petition, his first. After conducting a **Grazier** hearing,[2] the court granted Appellant's request to proceed *pro se*. On July 12, 2021, and September 3, 2021, Appellant *pro se* filed amended and supplemental PCRA Petitions, respectively, which the PCRA court accepted.

The court conducted a PCRA hearing on February 22, 2022, and May 11, 2022.[3] At the hearing, Appellant presented testimony from his trial lawyer and the lawyer who represented him on his direct appeal, as well as Detective Cameron Parker.[4] On May 23, 2022, the trial court dismissed Appellant's petition. Appellant *pro se* filed a timely Notice of Appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review, which we have reordered for ease of analysis:

_____

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) (requiring an on-the-record determination of voluntariness of waiver of counsel).

[3] Because Appellant failed to subpoena witnesses for the February 22, 2022 hearing, the court reconvened the hearing on May 11, 2022.

[4] Detective Parker testified on behalf of the Commonwealth at Appellant's trial as an expert in "drug trafficking and behavior and jargon." N.T Trial, 7/13/18, at 18. His testimony involved the interpretation of text messages exchanged between Appellant and Decedent before her death. **Id.** at 21-38.

[1.] Whether Appellant was denied his Sixth Amendment right to effective assistance of counsel under the United State[s] Constitution for trial counsel's failure to[:]

[A.] Request that an 18 Pa.C.S. § 302(c) Crimes Code definition of recklessness be read in conjunction with the suggested standard jury instruction [Pa. SSJI (Crim)] § 15.2506 (relating to [DDRD])?

[B.] Move for a post[-]verdict judgment of acquittal [by] challeng[ing] that 18 Pa.C.S. § 2506 is unconstitutionally vague[?]

[C.] Present evidence and argue that the evidence presented by the Commonwealth with respect to the expert testimony given by Detective Cameron Parker was consistent with two opposing propositions and therefore was insufficient 'as a matter of law?'

[2.] Whether Pennsylvania Superior Court Judge Victor Stabile engaged in and[/]or displayed an appearance of judicial bias and partiality during the adjudication of Appellant's direct appeal process?

[3.] Whether trial court Judge Steven T. O'Neill engaged in and[/]or displayed an appearance of judicial bias and partiality during the sentencing phase, as well as the appellate review process with respect to his [Rule] 1925(a) trial court opinion?

Appellant's Br. at 2-3 (unnecessary capitalization omitted).

**A.**

On appeal from a PCRA court's decision, our scope of review is "limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." ***Commonwealth v. Johnson***, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*) (citation and quotation marks omitted). The PCRA court's credibility determinations are binding on this Court when

supported by the certified record, but we review its legal conclusions *de novo*. *Id.*

To be eligible for relief under the PCRA, a petitioner must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2)(i)-(viii). In addition, a petitioner must establish that the issues raised in the PCRA petition have not been waived. *Id.* at § 9544. "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* at § 9544(b).

Finally, before addressing Appellant's issues, we observe that throughout his brief, Appellant has posited a multitude of claims and legal arguments that he failed to raise in the court below. These issues are waived and, as a result, we will address only the issues that Appellant preserved for our review. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

**B.**

Appellant's first three issues challenge the effective assistance of counsel pursuant to 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed to be effective, and the petitioner bears the burden of proving otherwise. ***Commonwealth v. Diaz***, 226 A.3d 995, 1007 (Pa. 2020). To do so, he must establish the following three elements:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with

- 4 -

> prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015). Failure to prove any of the three elements will result in dismissal of the ineffectiveness claim. *Id.* at 410.

Several of Appellant's claims relate to his DDRD conviction. Pursuant to Section 2506 of the Crimes Code, a conviction for DDRD requires proof that the defendant (1) intentionally delivered a controlled substance, and (2) a person died as a result of using that substance. 18 Pa.C.S. § 2506(a). *See also Commonwealth v. Kakhankham*, 132 A.3d 986, 991-92 (Pa. Super. 2015).

Although the statute does not include a *mens rea* requirement for the second element of DDRD, this Court has concluded that the actions leading to the "death must be at least 'reckless.'" *Commonwealth v. Carr*, 227 A.3d 11, 16 (Pa. Super. 2020) (citing *Kakhankham*, 132 A.3d at 995). This Court has explained that the delivery of particularly dangerous controlled substances, such as heroin or fentanyl, establishes the reckless element of DDRD. *Commonwealth v. Storey*, 167 A.3d 750, 757 (Pa. Super. 2017).

\* \* \*

Appellant's first ineffectiveness claim relates to the trial court's instruction to the jury regarding DDRD. Appellant's Br. at 13-29. The trial court instructed the jury in accordance with Pennsylvania Suggested Standard Criminal Jury Instruction 15.2506, as follows:

First, that the defendant delivered and/or sold and it's not important, it could be delivery or sale, however it took place, but we've been using the term delivery -- a controlled substance to a person, in this case [Decedent]. Second, that the defendant did so intentionally; that is, it was his conscious object to deliver a controlled substance to [Decedent]. Third, that the delivery or sale was in violation of the Controlled Substances, Drug, Device and Cosmetic Act. And again, that's one of the charges here, that it is in violation of the Act. And fourth, that a person has died as a result of using the substance. So if you find each of these elements beyond a reasonable doubt, you should find the defendant guilty. If you do not find each proven beyond a reasonable doubt, then you would find the defendant not guilty.

N.T. Trial, 7/13/18, at 221-22. Appellant argues that his trial counsel was ineffective for failing to object to the instruction on the basis that it does not instruct the jury as to any *mens rea* requirement for the second element of DDRD, *i.e.*, that the death must have resulted from Appellant's reckless conduct. Appellant's Br. at 13-29.

The PCRA court found that Appellant's trial counsel had a reasonable basis for not requesting an instruction on recklessness. PCRA Ct. Op., 8/10/22, at 7.[5] In support, the court credited trial counsel's testimony at Appellant's PCRA hearing that she strategically declined to request the instruction because she believed the recklessness instruction would do more harm than good. *Id.* at 7 n.3.

_____

[5] The court also found that the lack of an instruction did not prejudice Appellant. PCRA Ct. Op. at 6-7. In support, the court cited this Court's statement on direct appeal that the trial court did not commit reversible error by failing to instruct the jury on the recklessness requirement for the second element of DDRD because the intentional delivery of fentanyl is, itself, reckless. *Id.* (citing *Burton*, 234 A.3d at 830 n.3).

- 6 -

The record supports the PCRA court's finding. At the PCRA hearing, Appellant's trial counsel testified that she purposely declined to request any instruction on recklessness, because doing so would have allowed the Commonwealth to request an instruction that "providing [fentanyl] itself is reckless." N.T Hr'g, 5/11/20, at 50. She explained:

> I did not [request the instruction] because of the rest of the case law that exists regarding [DDRD]. And the fact that there is case law that makes it very clear that the mere act of giving someone [fentanyl] is reckless.
>
> And the minute I ask for the [c]ourt to say, hey, by the way, this requires recklessness, I know the Commonwealth is going to get the additional language of, sure, and providing [fentanyl] itself is reckless.
>
> That, to me, seemed more damaging than not asking for an expressed recklessness commentary added to the language of DDRD[.]

*Id.*

We defer, as we must, to the PCRA court's credibility determination. Since trial counsel possessed a reasonable basis for declining to request that the trial court instruct the jury on the *mens rea* element of the second prong of DDRD, Appellant's first ineffectiveness claim fails.

\* \* \*

In his second ineffectiveness claim, Appellant argues that counsel was ineffective for failing to challenge the constitutionality of the DDRD statute as vague "on its face" and "as applied." Appellant's Br. at 29-31. After careful review, we conclude that Appellant has failed to establish the underlying merit

of his proposed challenges to the DDRD statute and, thus, his ineffectiveness claim fails.

A defendant challenging a statute for being vague "on its face" must establish that "the statute in question is vague when measured against any conduct which the statute arguably embraces." ***Commonwealth v. Habay***, 934 A.2d 732, 738 (Pa. Super. 2007). Appellant alleges that the DDRD statute is vague because it does not explicitly define a *mens rea* requirement for the second element of the crime. Appellant's Br. at 29-31.

With very limited exception not applicable here, a court may not find a statute void for facial vagueness if the defendant's criminal conduct "is clearly prohibited by the statute in question." ***Kakhankham***, 132 A.3d at 992 (citation omitted). As observed by the PCRA court, "the evidence presented at trial proved beyond a reasonable doubt that [Appellant] delivered, sold, or distributed fentanyl to [Decedent] and that she died as a result of [using] the fentanyl. His conduct, therefore, fell squarely within the proscriptions of the DDRD statute[.]" PCRA Ct. Op. at 7-8. Since Appellant's conduct is clearly prohibited by the statute in question, any facial challenge to the statute is without merit. As a result, his ineffectiveness claim fails.

Appellant also argues that the DDRD statute is void for vagueness "as applied" to him. Appellant's Br. at 29-31. We analyze such a challenge in terms of whether "the law is vague with regard to the particular conduct of the individual challenging the statute." ***Habay***, 934 A.2d at 738.

Appellant, however, has failed to present any argument or analysis on how the DDRD statute was vague as applied to him. He does not assert that the statute lacks sufficient definiteness to criminalize his conduct or that the statute permits arbitrary application. As a result, Appellant has failed to establish any underlying merit to his as-applied challenge to the DDRD statute.

Having failed to establish the underlying merit of his facial and as-applied vagueness challenges, Appellant's his second ineffectiveness claim fails.

\* \* \*

In his final ineffectiveness claim, Appellant purports to argue that his trial counsel was ineffective for failing to "investigate, interview, and present evidence of a defense expert witness in order to refute the allegations made by Detective Parker[ related to the interpretation of text messages Appellant exchanged with Decedent]." Appellant's Br. at 55. Appellant does not develop this allegation of ineffectiveness beyond this sentence.

It is the appellant's duty to develop issues with discussion and analysis of pertinent authority. *See Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020). *See also* Pa.R.A.P. 2111, 2119 (listing briefing requirements). Although this Court will liberally construe materials filed by *pro se* litigants, a *pro se* litigant is not entitled to any advantage based on his lack of legal training. *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005). When an appellant has failed to adequately develop an issue, we will

- 9 -

find it waived. ***Commonwealth v. Taylor***, 277 A.3d 577, 591 (Pa. Super. 2022).

Here, Appellant failed to develop his allegation of ineffective assistance of counsel based on the failure to "investigate, interview, and present evidence of a defense expert witness in order to refute the allegations made by Detective Parker." Appellant's Br. at 55. As a result, Appellant has waived this issue.[6]

## C.

In his last two issues, Appellant argues that Superior Court Judge Victor Stabile and Court of Common Pleas Judge Steven T. O'Neill "engaged in and[/]or displayed an appearance of judicial bias and partiality[.]" Appellant's Br. at 2-3. Although purporting to sound in judicial bias, Appellant's claims in fact assail the propriety of this Court's decision on direct appeal that the Commonwealth adduced sufficient evidence to convict Appellant of DDRD. ***See id.*** at 32-52. In particular, Appellant argues that the Superior Court applied the incorrect standard and scope of review to his sufficiency challenge on direct appeal. ***Id.*** at 32-46. As it relates to the trial court, Appellant alleges that the trial court judge exhibited "judicial bias" by concluding in his Pa.R.A.P.

---

[6] The only argument that Appellant makes regarding this challenge to the PCRA court's decision is that the Commonwealth knowingly presented perjured testimony through Detective Parker, a claim cognizable under Section 9543(a)(2)(i) of the PCRA. Appellant's Br. at 55-61; 42 Pa.C.S. § 9543(a)(2)(i) (regarding violation of the constitution that undermines the truth-determining process). We note, however, that even Appellant acknowledges in a footnote that he did not raise this claim in his PCRA Petition. Appellant's Br. at 60 n.14. This claim is, thus, waived. Pa.R.A.P. 302(a).

1925(a) opinion that the Commonwealth adduced sufficient evidence to convict Appellant of DDRD. *Id.* at 46-52. The PCRA, however, does not recognize a challenge to the sufficiency of the evidence as a cognizable claim. *See* 42 Pa.C.S. § 9543(a)(2)(i)-(vii) (circumscribing cognizable PCRA claims).

Since Appellant does not articulate any instances of judicial bias by either the trial court or Superior Court, but only challenges the legal analysis of the courts, we reject these arguments.

**D.**

In summary, Appellant has failed to prove his allegations of ineffective assistance of counsel and judicial bias. As a result, we affirm the PCRA court's order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2023